# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

BRIAN KEITH ALFORD,

     Plaintiff,

                                  Civil Action 2:19-cv-1497
     v.                              Chief Judge Edmund A. Sargus, Jr.
                                  Magistrate Judge Chelsey M. Vascura

GARY MOHR, *et al.*,

     Defendants.

## <u>ORDER and REPORT AND RECOMMENDATION</u>

Plaintiff, Brian Keith Alford., an Ohio state inmate who is proceeding without the assistance of counsel, brings this action against twenty-eight defendants, including Ohio Department of Rehabilitation and Correction and Adult Parole Authority ("APA") officials, London Correctional Institution ("LCI") staff members, and Toledo Correctional Institution ("TCI") staff members. This matter is before the Court for consideration of Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the reasons that follow, the Court **SEVERS** Plaintiff's claims against LCI and TCI staff members and **DISMISSES** those claims **WITHOUT PREJUDICE** as set forth herein. In addition, with respect to Plaintiff's remaining claims against the APA officials, it is **RECOMMENDED** that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* be **DENIED**.

## I.

As set forth above, Plaintiff has named twenty-eight defendants. Although his Complaint is difficult to decipher, what is clear is that he is advancing completely unrelated claims against

three different groups of defendants—namely, the APA Defendants, the LCI Defendants, and the TCI Defendants—all of which occurred at different times and locations and none of which arise out of the same transaction, occurrence, or series of transactions or occurrences.

## A.  Misjoinder and Severance of Claims Against LCI and TCI Defendants

Federal Rule of Civil Procedure 20, which governs persons who may be joined in one action, provides in pertinent part as follows:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to arising out of the same transaction, occurrence, or series of transactions or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  This means that a plaintiff may not "combine into one lawsuit unrelated claims against different defendants."  *Robinson v. Rodarte*, 2017 WL 1017929, at *2 (E.D. Mich. Feb. 6, 2017), report and recommendation adopted at 2017 WL 994350 (E.D. Mich. Mar. 15, 2017).  In the context of claims brought by inmates, the United States Court of Appeals of the Seventh Circuit has also observed that, "[u]nrelated claims against different defendants belong in different suits . . . to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees."  *George v. Smith*, 507 F.3d 605, 506 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

Federal Rule of Civil Procedure 21 provides the remedy for such misjoinder and states as follows:

> Misjoinder of parties is not a ground for dismissing an action.  On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party.

Fed. R. Civ. P. 21. "Where parties have been misjoined, a district court may drop a party or sever a claim against a party, but may not dismiss the action on that basis." *Roberts v. Doe*, No. 16-2082, 2017 WL 3224655, at *2 (6th Cir. Feb. 28, 2017); *see also Cage v. Mich.*, No. 16-cv-11679, 2018 WL 3729062, at *2 (E.D. Mich. Aug. 6, 2018) (citing Fed. R. Civ. P. 21) ("[T]he proper remedy for such misjoinder is to sever the claims against the unrelated parties and dismiss those claims without prejudice."); *Prince v. Elum*, No. 12-15526 (E.D. Mich. Jan. 14, 2013) (*sua sponte* severing and dismissing claims without prejudice under Rule 21 in prisoner civil rights case for misjoinder).

This case presents a classic example of misjoinder given that Plaintiff's advances very different claims against the APA Defendants, the LCI Defendants, and the TCI Defendants, none of which arise out of the same transaction, occurrence, or series of transactions or occurrences. In accordance with Rule 21, this action will proceed solely against the APA Defendants, and Plaintiff's claims against the LCI and TCI Defendants are **SEVERED** and **DISMISSED WITHOUT PREJUDICE** to Plaintiff re-filing separate complaints against these two sets of defendants in separate actions. Accordingly, the Clerk is **DIRECTED** to **TERMINATE** the LCI and TCI Defendants as parties in this action. The undersigned finds this result to be more just than directing the Clerk to automatically open cases for the severed claims because this approach allows Plaintiff the opportunity to consider whether he would like to pursue separate actions, which could subject him to paying additional filing fees. *See* 28 U.S.C. § 1915(b)(1).

**B.** **Consideration of Plaintiff's Application to Proceed *in Forma Pauperis***

Because Plaintiff's claims against the APA Defendants remain, the undersigned now considers his application to proceed *in forma pauperis*.

3

Congress has restricted a prisoner's right to proceed *in forma pauperis.* In accordance with Section 804(d) of the Prison Litigation Reform Act ("PLRA") of 1995, Pub. L. No. 104-134, 110 State 1321, amending 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This Court has determined that Plaintiff is a "three striker" as contemplated in § 1915(g) due to the numerous frivolous lawsuits and appeals he filed in various federal courts. *See Alford v. Mohr*, 1:15-cv-645, at *ECF No. 5 at PAGEID ## 2-3 (S.D. Ohio No. 19, 2015) (identifying several previous screening dismissals).

In view of Plaintiff's multiple "strikes," he may not proceed *in forma pauperis* unless he falls within the statutory exception set forth in § 1915(g), which applies to prisoners who are "under imminent danger of serious physical injury." "[T]he imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (internal quotation marks and citation omitted). To satisfy this pleading standard, "[a] plaintiff must . . . allege[] facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that he was under an existing danger at the time he filed his complaint." *Id.* (citing *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)) (internal quotation marks and citations omitted). Imminent danger means that "the threat or prison condition must be real and proximate and the danger of serious physical injury . . . ." *Vandiver*, 727 F.3d at 585

4

(internal quotation marks and citation omitted).

With respect to Plaintiff's remaining claims against the APA Defendants, the undersigned is unable to discern any facts from either Plaintiff's Complaint or his Motion for Leave to Proceed *In Forma Pauperis* that demonstrate that he meets the statutory exception set forth in § 1915(g). For these reasons, the undersigned makes the following

**RECOMMENDATIONS**:

1. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) be **DENIED**.

2. Plaintiff be **ORDERED** to pay the full $400 filing fee ($350 filing fee, plus $50 administrative fee) required to commence this action **WITHIN THIRTY DAYS**, and that the Court advise Plaintiff that his failure to timely pay the full $400 fee within thirty days will result in the dismissal of this action.

3. The Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE