UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRIAN KEITH ALFORD,

    Plaintiff,

v.

    Case No. 2:19-cv-1497
    CHIEF JUDGE EDMUND A. SARGUS, JR.
    Magistrate Judge Chelsey M. Vascura

GARY MOHR, *et al.*,

    Defendants.

## OPINON AND ORDER

Currently pending before the Court is Plaintiff Brian Keith Alford's Objections to the Magistrate Judge's Report and Recommendation. (ECF No. 4). For the reasons stated herein, Plaintiff's Objections to the Report and Recommendation (ECF No. 4) are **OVERRULED**; the Report and Recommendation (ECF No. 3) is **ADOPTED**; Plaintiff's claims against the staff members of the London Correctional Institution and the Toledo Correctional Institution are **DISMISSED WITHOUT PREJUDICE**; and Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (ECF No. 1) is **DENIED**.

### I.

Plaintiff Brian Keith Alford ("Plaintiff") is currently an inmate in an Ohio state penitentiary and is proceeding without the assistance of counsel. (*See generally* Compl. [ECF No. 1-1]; *see also* IFP Mot. [ECF No. 1]). Plaintiff's Complaint alleges violations of Title 42, United States Code, Sections 1983 and 1985, against twenty-eight (28) named Defendants, including: Ohio Department of Rehabilitations and Correction ("ODRC") and Adult Parole Authority ("APA") officials (collectively "APA Defendants"); London Correctional Institution ("LCI") staff members

("LCI Defendants"); and Toledo Correctional Institution ("TCI") staff members ("TCI Defendants"). *(See generally id.)*.

Plaintiff's Complaint appears to allege different claims against the three defendant groups. *(See generally id.)*. Plaintiff alleges that the LCI Defendants violated his constitutional rights while he was incarcerated at LCI; more specifically Plaintiff alleges:

1) Defendant Peterman prohibited Plaintiff from making legal phone calls and phone calls to his dying mother, *(id.* ¶ 40);

2) Defendant Peterman ordered Defendant Salyers to file a false conduct report against Plaintiff, *(id.)*;

3) Defendants Peterman and Salyers constructed a second false report against Plaintiff, *(id.)*;

4) During an interview following Plaintiff's reporting of Defendants Peterman and Salyers to the Prison Rape Elimination Act ("PREA") Tips Line, Defendants Crissler and Westfall threatened Plaintiff for reporting Defendants Peterman and Salyers, *(id.)*;

5) Defendants Noble, Justus, Parrish, Brann, and Witrrup "failed to correct . . . their subordinates[']" constitutional violations after being given notice of such violations, *(id.)*;

6) Prior to Plaintiff's rules infraction board ("RIB") hearing, Defendants Baker and Webb informed Plaintiff that "he would be found guilty" regardless of the evidence Plaintiff presented, and Plaintiff was denied due process at this hearing, *(id.* ¶ 41);

7) Defendant Baker's report of the RIB hearing fails to note Plaintiff's request that an inmate testify, which was denied, *(see id.* ¶ 41, 42);

8) While in Limited Privilege Housing ("LPH"), Plaintiff was discriminated against as he was denied "adequate recreation time, [was] forced to house in cells that did not provide adequate cooling during extreme summer temperatures . . . [,]" *(id.* ¶ 42);

9) Defendants Baker and Webb took the actions discussed *supra* to retaliate against Plaintiff for the exercise of his First Amendment rights, and Defendants Mohr, Wittrup, Noble, Parrish, Peterman, and Brann "implicitly authorized, approved, or knowingly" acquiesced such retaliation, (*id.*);

10) Upon transfer from LCI to Southern Ohio Correctional Facility ("SOCF") Defendant Tabitha Killian,[1] the mailroom supervisor at LCI, or an unnamed transport officer failed to ship Plaintiff's legal documents out of LCI, (*id.* ¶ 43); and

11) Defendant Decarlo Blackwell,[2] the Inspector at LCI, Defendant Mohr, and Defendant Noble allowed for the procedural errors which led to the mishandling and failing to transport Plaintiff's legal documents to SOCF. (*See id.* ¶ 44).

Plaintiff also alleges that the TCI Defendants violated his constitutional rights while he resided at TCI. As to the TCI Defendants, Plaintiff alleges that:

1) Human waste was found in a dishwasher at TCI, and that this is the fourth time human waste was found in a food service area, (*id.* ¶ 52); and

2) Defendant De La Cruz, the Chief Medical Examiner at TCI, failed to treat Plaintiff's Hepatitis C and the symptoms associated with the disease. (*id.* ¶¶ 51, 56).

Finally, Plaintiff alleges that the APA Defendants violated the United States Constitution. More specifically, Plaintiff alleges:

1) The APA denied Plaintiff's request for reconsideration of his 24-month continuance, which was based on Plaintiff's "refuse to lock while at Lebanon[] Correction Institution" for

---

[1] The Court notes that Tabitha Killian is not listed in Section V as a party in this action, but Plaintiff, nonetheless refers to her as a Defendant in the substance of his Complaint. (*See* Compl. ¶¶ 7–34, 43).
[2] Decarlo Blackwell is not listed in Section V as a party in this action, however Plaintiff refers to Blackwell as a Defendant in the substance of his Complaint. (*See* Compl. ¶¶ 7–34, 44).

Plaintiff's reporting of an individual's alleged intentional venting of dangerous refrigerants that allegedly caused serious bodily injury to Plaintiff, (*id.* ¶ 47);

2) APA Defendants failed "to adhere to the dictates of" the pertinent sections of the Ohio Administrative Code when the APA denied Plaintiff's request for a full A{A board hearing after his alleged retaliatory transfer, in violation of Plaintiff's First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights, (*id.* ¶ 48); and

3) APA violated his First Amendment right for "redress of grievances" when the APA failed to Act within two business days following Plaintiff's arrest for a Technical Parole Violation on June 22, 2000, and Plaintiff did not waive his right to such a hearing, (*id.* ¶ 49).

Plaintiff submits that the defendants acted with a conspiratorial nature. (*Id.* ¶¶ 60–61). However, the Magistrate Judge believed otherwise and recommended that the Court sever Plaintiff's claims as it "is clear . . . that [Plaintiff] is advancing completely unrelated claims against three different groups of defendants . . . all of which occurred at different times and locations and none of which arise out of the same transaction, occurrence, or series of transactions or occurrences." (R&R at 1–2).

As such, Magistrate Judge Vascura, in her Report and Recommendation issued on April 26, 2019, recommended that this action:

> Proceed solely against the APA Defendants, and Plaintiff's claims against the LCI and TCI Defendants [be] **SEVERED** and **DISMISSED WITHOUT PREJUDICE** to Plaintiff re-filing separate complaints against these two sets of defendants in separate actions.

(R&R at 3 [ECF No. 3]). Magistrate Judge Vascura further made the following recommendations:

1. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) be **DENIED**.

2. Plaintiff be **ORDERED** to pay the full $400 filing fee ($350 filing fee, plus $50 administrative fee) required to commence this action **WITHIN THIRTY**

4

**DAYS,** and that the Court advise Plaintiff that his failure to timely pay the full $400 fee within thirty days will result in the dismissal of this action.

3. The Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith.

(*Id.* at 5). Plaintiff's objections to the Report and Recommendation followed. (*See generally* Obj. to R&R [ECF No. 4]). Plaintiff objects to the entirety of the Magistrate Judge's Report and Recommendation. (*Id.* at 5) ("Plaintiff objects to the Magistrate's report and recommendations in it's [sic] entirety.").

## II. Misjoinder and Severance

### A. Standard

Under the Federal Rules of Civil Procedure:

Persons . . . may be joined in one action as defendants if:

**(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

**(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Thus, a plaintiff may not "combine into one lawsuit unrelated claims against different defendants." In *George v. Smith*, the Seventh Circuit Court of Appeals explained the application of the joinder rules:

[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

507 F.3d 605, 607 (7th Cir. 2007).

The Federal Rules of Civil Procedure provide the remedy for misjoinder and state:

5

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21. Further, the Sixth Circuit has stated: "Where parties have been misjoined, a district court may drop a party or sever a claim against a party, but may not dismiss the action on that basis." *Roberts v. Doe*, No. 16-2082, 2017 WL 3224655, at *2 (6th Cir. Feb. 28, 2017); *see also Cage v. Michigan*, No. 16-cv-11679, 2018 WL 3729062, at *2 (E.D. Mich. Aug. 6, 2018) (citing Fed. R. Civ. P. 21) ("[T]he proper remedy for such misjoinder is to sever the claims against the unrelated parties and dismiss those claims without prejudice."); *Prince v. Elum*, No. 12-15526, Docket Entry No. 3 (E.D. Mich. Jan. 14, 2013) (*sua sponte* severing and dismissing without prejudice the unrelated claims under Rule 21 in a prisoner civil rights action).

**B.     Analysis**

Plaintiff's Complaint appears to allege § 1983 claims against three classes of Defendants: 1) the LCI Defendants; 2) the TCI Defendants; and 3) the APA Defendants. (*See generally* Compl.). However, these claims against the three classes of Defendants appear to be wholly unrelated. For instance, Plaintiff's claims against the LCI Defendants stem from alleged constitutional violations that occurred while Plaintiff resided at LCI and during his transfer from LCI to SOCF. (*See* Compl. ¶¶ 40–44). Whereas Plaintiff's claims against the TCI Defendants arise out alleged violations of his constitutional rights while he resided at TCI. (*See id.* ¶¶ 50–59). And Plaintiff's claims against the APA Defendants allege that the APA violated his constitutional rights when the APA failed to follow certain sections of the Ohio Administrative Code. (*Id.* ¶¶ 45–49).

Plaintiff submits that "[a]t all times mentioned in this complaint, each defendant worked in conjunction with other defendants named herein," (Compl. ¶ 61), but the facts that Plaintiff

6

alleges in paragraphs 40–59 of his Complaint do not support such a conclusion. Rather, the allegations contained in Plaintiff's Complaint show three separate transactions or occurrences. And while Plaintiff correctly states that "[u]nder the rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties;" and that "joinder of claims; parties and remedies is strongly encouraged[,]" *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966) (footnote omitted), allowing Plaintiff to bring essentially three separate and unrelated claims in a single action would stretch Rule 20's liberal joinder provisions beyond the scope of fairness. Thus, as the Court finds that none of Plaintiff's claims arise out of the same transaction, occurrence, or series of transactions or occurrences, severance of Plaintiff's claims is warranted.

Accordingly, Plaintiff's Objection to the Magistrate Judge's Report and Recommendation that his claims be severed is **OVERRULED** and the Magistrate Judge's Report and Recommendation is **ADOPTED**. Pursuant to Rule 21, this action will proceed solely against the APA Defendants, and Plaintiff's claims against the LCI and TCI Defendants are **SEVERED** and **DISMISSED WITHOUT PREJUDICE** to Plaintiff re-filing separate complaints against these two sets of defendants in separate actions. The Clerk is **DIRECTED TO TERMINATE** the LCI and TCI Defendants as parties in this action.

### III. *In Forma Pauperis*

Congress has restricted a prisoner's right to proceed *in forma pauperis*. Title 28, United States Code, Section 1915, in pertinent part, states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

7

28 U.S.C. § 1915(g). Section 1915(g)'s "three-strike provision" applies to cases that were dismissed prior to the effective date of the Prison Litigation Reform Act of 1995 ("PLRA"). *Swenson v. Pramastaller*, 169 F. App'x 449, 450 (6th Cir. 2006) (citing *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998)).

A. **Three Strikes**

Plaintiff is prohibited from proceeding in this action *in forma pauperis* because on at least three previous occasions, Plaintiff has filed actions that have been dismissed because the actions were "frivolous, malicious, or fail[ed] to state a claim upon which relief [could have been] granted." *See, e.g., Brian Keith Alford v. Reginald Wilkinson, et al.*, No. 2:97-cv-997, ECF Nos. 5, 8, 9 (S.D. Ohio Oct. 29, 1997); *Brian Keith Alford v. Reginald J. Wilkinson, et al.*, No. 2:98-cv-226, ECF Nos. 4, 5 (S.D. Ohio Feb. 27, 1998); *Brian Keith Alford v. Judge Walter Herbert Rice, et al.*, No. 3:10-cv-424, ECF Nos. 4, 9, 19, 20 (S.D. Ohio Jan. 28, 2011); *Brian Keith Alford v. Henry J. Sadowski, et al*, No. 4:10-cv-2542, ECF Nos. 7, 8 (N.D. Ohio Feb. 15, 2011).

B. **Imminent Danger of Serious Physical Injury**

Given Plaintiff's multiple "strikes," he is barred from proceeding *in forma pauperis* unless he falls within § 1915(g)'s exception, which allows prisoners who are "under imminent danger of serious physical injury" proceed *in forma pauperis*. "[T]he imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (internal quotes and citation omitted). To sufficiently plead § 1915(g)'s "imminent danger" exception, "[a] plaintiff must . . . allege[] facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that he was under an existing danger at the time he filed his complaint." *Id.* (citing *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012) (internal

8

quotes and citations omitted)). Further, "imminent danger" means that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotes omitted).

As the Court has dismissed Plaintiff's claims against the TCI and LCI Defendants for improper joinder, Plaintiff's only surviving claims in this action are against the APA Defendant. And neither the facts alleged in Complaint nor those presented in Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* demonstrate that he meets the statutory exception set forth in § 1915(g). Plaintiff's reliance on the Sixth Circuit's previous Order allowing him to proceed *In Forma Pauperis* in an unrelated action is misplaced. (*See* Obj. to R&R at 4). In that case Plaintiff was permitted to proceed *In Forma Pauperis* because he had "sufficiently alleged that he [was] under imminent danger of serious physical injury due to the retaliatory denial of treatment for his eye condition[.]" *See Brian K. Alford v. Gary C. Mohr, et al.*, No. 16-3134, ECF No. 10 at p. 2–3 (6th Cir. Nov. 30, 2016). Plaintiff's Complaint does not contain any allegation that the APA Defendants failed to treat any chronic illness or condition and, as such, the Sixth Circuit's Order allowing him to proceed *in forma pauperis* in a separate matter is distinguishable from the case at bar. (*See* Compl. ¶¶ 47–49); *see also Vandiver*, 727 F.3d at 587 ("[A] plaintiff who alleges a danger of serious harm due to a failure to treat a chronic illness or condition satisfies the imminent-danger exception under § 1915(g).").

Accordingly, Plaintiff's Objection to the Report and Recommendation is **OVERRULED** and the Magistrate Judge's Report and Recommendation is **ADOPTED**. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is **DENIED**. Plaintiff is **ORDERED** to pay the full $400 filing fee ($350 filing fee, plus $50 administrative fee) required to commences this

9

action **WITHIN THIRTY (30) DAYS** of the issuance of this Opinion and Order. Further, Plaintiff is advised that his failure to timely pay the full $400 fee within thirty (30) days will result in the dismissal of this action.

### IV.

For the reasons stated herein, Plaintiff's Objections to the Report and Recommendation (ECF No. 4) are **OVERRULED**. The Magistrate Judge's Report and Recommendation (ECF No. 3) is **ADOPTED**. Accordingly:

1.) Plaintiff's claims against the LCI and TCI Defendants are **SEVERED** and **DISMISSED WITHOUT PREJUDICE** to Plaintiff re-filing separate complaints against the two sets of defendants in separate actions;

2.) The Clerk is **DIRECTED TO TERMINATE** the LCI and TCI Defendants as parties in this action;

3.) Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 1) is **DENIED**;

4.) Plaintiff is **ORDERED** to pay the full $400 filing fee required to commence this action **WITHIN THIRTY (30) DAYS** of the issuance of this Opinion and Order, Plaintiff's failure to timely pay the full $400 filing fee within thirty (30) days will result in the dismissal of this action; and

5.) The Court **CERTIFIES** that an appeal of this Opinion taken *in forma pauperis* would not be taken in good faith.

**IT IS SO ORDERED.**

7-10-2019
DATE

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**