# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**BRIAN KEITH ALFORD,**

    **Plaintiff,**

    v.                                                                  **Civil Action 2:19-cv-1497**
                                                                       **Chief Judge Edmund A. Sargus, Jr.**
                                                                       **Magistrate Judge Chelsey M. Vascura**

**GARY MOHR,** *et al.***,**

    **Defendant(s).**

## REPORT AND RECOMMENDATION

    This matter is before the United States Magistrate Judge for a Report and Recommendation on the Court's July 10, 2019 Opinion and Order. (ECF No. 5.) For the reasons that follow, it is **RECOMMENDED** that Plaintiff's action be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

    Plaintiff commenced this action on April 12, 2019 by filing a Motion for Leave to Proceed *In Forma Pauperis*, to which his Complaint was attached. (ECF No. 1.) On April 26, 2019, the undersigned issued an Order and Report and Recommendation, recommending that the Court sever and dismiss without prejudice Plaintiff's claims against staff members of London Correctional Institution ("LCI") and Toledo Correctional Institution ("TCI"). (ECF No. 3.) The undersigned also recommended denial of Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* with respect to Plaintiff's remaining claims against officials of the Adult Parole Authority ("APA"). *Id.*

On July 10, 2019, the Court adopted the Report and Recommendation in full. (Order and Opinion, ECF No. 5.) The Court therefore severed and dismissed Plaintiff's claims against the LCI and TCI Defendants, denied Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, and ordered Plaintiff "to pay the full $400 filing fee required to commence this action **WITHIN THIRTY (30) DAYS** of the issuance of this Opinion and Order." (*Id.* at 10.) Plaintiff was further cautioned that his failure to timely pay the full $400 filing fee within thirty days would result in the dismissal of his remaining claims against the APA Defendants. (*Id.*) Although Plaintiff moved to alter or amend the July 10, 2019 Opinion and Order (ECF No. 6), the Court denied that motion on August 20, 2019. (ECF No. 7.)

To date, Plaintiff has failed to comply with the Court's July 10, 2019 Order. He has neither paid the filing fee nor requested an extension of time to do so. Under the circumstances presented in the instant case, the Undersigned recommends dismissal of Plaintiff's action pursuant to Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, Plaintiff failed to comply with the Court's Order instructing him to pay the $400 filing fee. (*See* ECF No. 5.) Moreover, the Court explicitly cautioned Plaintiff in the Order that failure to comply would result in dismissal of this action for failure to prosecute pursuant to Rule 41(b). *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or the lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b) is appropriate). Plaintiff's failure to timely comply with the clear order of the Court, which established a reasonable deadline for compliance, constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). Because Plaintiff has missed this deadline and disregarded the Court's order, the Undersigned concludes that no alternative sanction would protect the integrity of the pretrial process. Nevertheless, the Undersigned concludes that dismissal with prejudice and requiring Plaintiff to pay the filing fee is too harsh a result.

It is therefore **RECOMMENDED** that the Court **DISMISS THIS ACTION WITHOUT PREJUDICE** under Rule 41(b). It is further **RECOMMENDED** that the Court not assess the filing fee in this matter. Finally, it is **RECOMMENDED** that the Court order Plaintiff to list 2:19-cv-1497 as a related case if he re-files this action.

## **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE